**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LEVORY W. HICKMON, SR.,**

        **Plaintiff,**

**-vs-**                                                      **Case No. 6:06-cv-656-Orl-28DAB**

**ERIC ALPERT, CHIEF SUPERVISORY**
**SPECIAL AGENT FOR THE FEDERAL**
**BUREAU OF INVESTIGATIONS, ET AL,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION TO PROCEED *IN FORMA PAUPERIS* (Doc. No. 2)**
>
> **FILED:**     May 15, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be **dismissed, with prejudice.**

In reviewing an application to proceed *in forma pauperis,* the Court may dismiss the case or refuse to permit it to continue without payment of fees "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1988). In this case, Plaintiff "would like the court to order Defendant to conduct a full investigation into the allegations of willful deprivation [of] rights" relating to his criminal case and treatment while incarcerated and into allegations of a conspiracy to murder

him, and seeks "monetary awards"for losses sustained during the ordeal. (Doc. No. 1 at 9-10). Plaintiff acknowledges that he has already filed a civil rights complaint against this Defendant "which is pending." (Doc. No. 1 at 9). As a matter of law, this action is frivolous and should be dismissed.

Plaintiff did, indeed, file a lawsuit against this Defendant for the same cause of action, *See* Case No. 5:05cv147-Oc-10GRJ, but the case is not pending. Judge Hodges ordered the case dismissed, as frivolous, finding:

> Here, Plaintiff alleges that the Defendant, a Supervisory Special Agent for the Federal Bureau of Investigations, failed to act upon Plaintiff's allegations that he is being mistreated in the custody of the Florida Department of Corrections. However, in any 42 U.S.C. §1983 claim, the initial inquiry must focus on whether the two essential elements to a section 1983 claim are present.
>
> > A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States.
>
> The Defendant in this case is clearly not a state actor for purposes of § 1983. Therefore, Plaintiff cannot bring this claim against the Defendant under section 1983.

Case No. 5:05cv147-Oc-10GRJ (Doc. No. 6) (footnotes omitted). Judge Hodges also noted that the Federal Bureau of Investigations does not have the authority to investigate matters of state concern. *Id.* Following dismissal, Plaintiff appealed to the Eleventh Circuit Court of Appeals, which dismissed the appeal, and the United States Supreme Court denied certiorari. (Doc. Nos. 16, 17).

Plaintiff filed suit against this Defendant a second time, this time in Jacksonville. *See* Case No. 3:05cv309-HES-HTS. The suit was transferred to Orlando, where it became Case No. 6:05cv567-ORL-28JGG. There, Judge Antoon denied Plaintiff's motion to appear *in forma pauperis,* and

dismissed the case, pursuant to the three strikes rule. Case No. 6:05cv567; Doc. No. 6. That dismissal, too, was appealed and the appeal was dismissed (*Id.* at Doc. No. 11).

Not to be deterred, Plaintiff tried yet again, with a new case and new judges, in Case No. 6:05cv554-GKS-KRS. There, too, the motion was dismissed (*Id.* at Doc. No. 4).

As noted by Judge Hodges, this cause of action is not cognizable as a matter of law, despite Plaintiff's repeated efforts (in numerous divisions) to sustain it. It is **respectfully recommended** that the case be **dismissed, with prejudice** pursuant to the doctrine of *res judicata*, and, as it appears that no cognizable claim can be made against this Defendant pursuant to 42 U.S.C. § 1983, amendment would be futile.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 22, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy